PROSKAUER ROSE LLP
Kevin J. Perra (KP-3723)
Andrew I. Gerber (AG-0779)
1585 Broadway
New York, New York  10036-8299
212.969.3454 (Telephone)
212.969.2900 (Facsimile)

Attorneys for Defendants
WILLIAMS-SONOMA, INC., d/b/a Pottery Barn and d/b/a West Elm,
POTTERY BARN, INC., and WEST ELM, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MADELINE WEINRIB, : | Civ. No. 08 CV 5695 (HB)(FM) |
| Plaintiff, : | **DEFENDANTS' ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF AND CANCELLATION OF COPYRIGHT REGISTRATIONS** |
| v. : | |
| WILLIAMS-SONOMA, INC., d/b/a Pottery Barn and d/b/a West Elm, POTTERY BARN, INC. and WEST ELM, INC., : | **ECF CASE** |
| Defendants. : | |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - x

Williams-Sonoma, Inc., Pottery Barn, Inc. and West Elm, Inc. (collectively "WSI") answers and counterclaims as follows:

## ANSWER

1. In response to paragraph 1 of the Complaint, WSI admits that this Action purports to arise under the Copyright Act and that this Court has jurisdiction and that venue is proper under the referenced statutes.  WSI denies each and every other allegation.

2. WSI lacks sufficient knowledge to admit the allegations in paragraph 2 and denies them on that basis.

3. In response to paragraph 3 of the Complaint, WSI denies that the referenced works are of copyrightable matter. WSI lacks sufficient knowledge to admit the remaining allegations in paragraph 3 and denies them on that basis.

4. WSI admits the allegations in paragraph 4 of the Complaint.

5. WSI admits the allegations in paragraph 5 of the Complaint.

6. WSI denies the allegations of paragraph 6 of the Complaint, noting that "division" is a vague term.

7. In response to paragraph 7 of the Complaint, WSI admits that Williams-Sonoma, Inc. owns Pottery Barn, Inc. WSI denies the remaining allegations of paragraph 7 of the Complaint, noting that "controls the activities" is vague.

8. WSI admits the allegations in paragraph 8 of the Complaint.

9. WSI denies the allegations of paragraph 9 of the Complaint, noting that "division" is a vague term.

10. In response to paragraph 10 of the Complaint, WSI admits that Williams-Sonoma, Inc. owns West Elm, Inc. WSI denies the remaining allegations of paragraph 10 of the Complaint, noting that "controls the activities" is vague.

11. In response to paragraph 11 of the Complaint, WSI responds that Pottery Barn, Inc. and West Elm, Inc. do business in New York and in the Southern District of New York through web sites and catalogues. WSI notes that Williams-Sonoma, Inc. owns subsidiaries that do business in New York. WSI denies the remaining allegations of paragraph 11.

12. In response to paragraph 12, WSI denies that each of Plaintiff's designs is an original work of art. WSI lacks sufficient knowledge to admit the remaining allegations in paragraph 12 and denies them on that basis.

13. WSI lacks sufficient knowledge to admit the allegations in paragraph 13 and denies them on that basis.

14. WSI lacks sufficient knowledge to admit the allegations in paragraph 14 and denies them on that basis.

15. WSI denies the allegations of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, WSI lacks sufficient knowledge to admit that the referenced registration certificate is an authentic document and denies the allegation on that basis. WSI denies the remaining allegations in paragraph 16.

17. In response to paragraph 17 of the Complaint, WSI lacks sufficient knowledge to admit that the referenced registration certificate is an authentic document and denies the allegation on that basis. WSI denies the remaining allegations in paragraph 17.

18. WSI denies the allegations of paragraph 18 of the Complaint.

19. WSI lacks sufficient knowledge to admit the allegations in paragraph 19 and denies them on that basis.

20. WSI lacks sufficient knowledge to admit the allegations in paragraph 20 and denies them on that basis.

21. WSI lacks sufficient knowledge to admit the allegations in paragraph 21 and denies them on that basis.

22. WSI lacks sufficient knowledge to admit the allegations in paragraph 22 and denies them on that basis.

23. WSI admits the allegations of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, WSI denies that it is proper to make allegations about "WSI-PB" activities. WSI admits that its subsidiaries operate retail stores and websites and sell through catalogs under the Pottery Barn trademark and at www.potterybarn.com and that their products include home furnishings and accessories. WSI denies the remaining allegations in paragraph 24.

25. In response to paragraph 25 of the Complaint, WSI denies that it is proper to make allegations about "WSI-WE" activities. WSI admits that its subsidiaries operate retail stores and websites and sell through catalogs under the West Elm trademark and at www.westelm.com and that their products include home furnishings and accessories. WSI denies the remaining allegations in paragraph 25.

26. WSI admits that its subsidiaries offer, sell and distribute a rug called "Moorish Tile Rug" and that Pottery Barn, Inc. has shown that product at www.potterybarn.com and in its April 2008 catalog as alleged in paragraph 26 of the Complaint. WSI denies the remaining allegations in paragraph 26.

27. WSI admits that its subsidiaries offer, sell and distribute a rug called "Taksim Tile Rug" and that West Elm, Inc. has shown that product at www.westelm.com and in its catalog. WSI denies the remaining allegations in paragraph 27.

28. WSI lacks sufficient knowledge to admit the allegations in paragraph 28 and denies them on that basis.

29. WSI denies the allegations in paragraph 29 of the Complaint.

30. WSI denies the allegations in paragraph 30 of the Complaint.

31. WSI denies the allegations in paragraph 31 of the Complaint.

32.   WSI denies the allegations in paragraph 32 of the Complaint.

33.   WSI denies the allegations in paragraph 33 of the Complaint.

34.   WSI denies the allegations in paragraph 34 of the Complaint.

35.   WSI incorporates its answers to paragraphs 1 through 34 of the Complaint as if fully set forth here.

36.   WSI denies the allegations in paragraph 36 of the Complaint.

37.   WSI denies the allegations in paragraph 37 of the Complaint.

38.   WSI denies the allegations in paragraph 38 of the Complaint.

39.   WSI denies the allegations in paragraph 39 of the Complaint.

40.   WSI denies the allegations in paragraph 40 of the Complaint.

41.   WSI denies the allegations in paragraph 41 of the Complaint.

42.   WSI denies the allegations in paragraph 42 of the Complaint.

43.   WSI denies the allegations in paragraph 43 of the Complaint.

44.   WSI denies the allegations in paragraph 44 of the Complaint.

45.   WSI denies the allegations in paragraph 45 of the Complaint.

46.   WSI incorporates its answers to paragraphs 1 through 45 of the Complaint as if fully set forth here.

47.   WSI denies the allegations in paragraph 47 of the Complaint.

48.   WSI denies the allegations in paragraph 48 of the Complaint.

49.   WSI denies the allegations in paragraph 49 of the Complaint.

50.   WSI denies the allegations in paragraph 50 of the Complaint.

51.   WSI denies the allegations in paragraph 51 of the Complaint.

52.   WSI denies the allegations in paragraph 52 of the Complaint.

53. WSI denies the allegations in paragraph 53 of the Complaint.

54. WSI denies the allegations in paragraph 54 of the Complaint.

55. WSI denies the allegations in paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: FRAUD ON THE COPYRIGHT OFFICE

56. WSI is informed and believes that Plaintiff Weinrib has represented to the Copyright Office, for purposes of securing its copyright registrations, that she created an original design for use in her Brooke rugs. To the contrary, WSI is informed and believes, Weinrib has had access to and has copied or derived the design of her Brooke rugs from traditional rug designs from Jaipur, India where Plaintiff has written she visited for "inspiration." See document attached hereto as Exhibit A. A rug in the Samode Palace ("Samode Rug") near Jaipur is highly similar if not identical to the Plaintiff's alleged "original" designs. See document attached hereto as Exhibit B. WSI is informed and believes, based on this similarity, that Ms. Weinrib had access to the Samode Rug. To the extent that the Samode Rug is different from the alleged Weinrib copyrights, it is not different as a result of Plaintiff's addition of copyrightable subject matter. Plaintiff failed to disclose this public domain art to the Copyright Office. Had it been disclosed, Plaintiff's alleged copyrights, Registration Nos. VA 1-335-210 and VA 1-626-901, would not have registered.

57. As a result of Weinrib's omissions and misrepresentations to the Copyright Office, her registrations must be cancelled, as alleged in WSI's counterclaims, barring the asserted claims. At a minimum, Weinrib's actions nullify the presumption of validity normally associated with copyright registrations.

### SECOND AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

58. WSI incorporates by reference its allegations in paragraphs 56 and 57 as if they were fully set forth here.

59. Weinrib's claims against WSI are barred by unclean hands.

### THIRD AFFIRMATIVE DEFENSE:  PUBLIC DOMAIN

60. WSI incorporates the allegations in paragraph 56, as if they were fully set forth here.

61. WSI's challenged designs are based upon designs that reside in the public domain and therefore may fairly be used for inspiration.

62. Weinrib's designs contain no copyrightable matter.  At most, Weinrib's designs are derivative of designs in the public domain and have such a narrow scope of artistic content that her claims are barred except against identical copies, which is not the case with WSI's challenged designs.

### FOURTH AFFIRMATIVE DEFENSE: COPYRIGHT MISUSE

63. WSI incorporates the allegations in paragraph 56, as if they were fully set forth here.

64. Weinrib's claims attempt to eliminate a zone of competition that is far beyond the scope of her copyrights, if any, and constitutes copyright misuse resulting in a bar to her claims.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM: CANCELLATION OF COPYRIGHT REGISTRATIONS

65. WSI incorporates its answer and affirmative defenses from paragraphs 1 through 64 as if they were fully set forth here.

66. Due to the absence of artistic, copyrightable subject matter in the deposits supporting Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901, the registrations must be canceled.

67. Due to Weinrib's fraud on the Copyright Office, Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901 must be canceled.

68. Due to Weinrib's unclean hands, Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901 must be canceled.

### SECOND COUNTERCLAIM: DECLARATORY RELIEF

69. WSI incorporates its answer and affirmative defenses from paragraphs 1 through 68 as if they were fully set forth here.

70. The copyrightable subject matter, if any, shown in Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901 is so narrow and derivative of public domain art that WSI's challenged designs do not infringe any valid copyright belonging to Weinrib.

71. As a result of Weinrib's allegations, there is now a ripe, justiciable dispute whether WSI has infringed Weinrib's copyrights. Because Weinrib's claims are causing uncertainties about WSI's rights to continue selling its challenged rugs, WSI is entitled to a judicial declarations stating that WSI's rugs do not infringe Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901.

## PRAYER FOR RELIEF

WSI prays for judgment to be entered as follows:

A.   That Weinrib take nothing by way of her complaint;

B.   That Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901 be ordered canceled and Weinrib ordered to refrain from ever enforcing any rights related to those or any derivative registrations and to notify any party against whom it is now asserting these registrations of such orders;

C.   That the Court declare that WSI's challenged rugs do not infringe Weinrib's Registration Nos. VA 1-335-210 and VA 1-626-901;

D.   That the Court award WSI its costs, disbursements and attorneys' fees pursuant to 17 U.S.C. § 505.

E.   That the Court award WSI such other relief as it deems fair and equitable under the circumstances.

## JURY DEMAND

WSI demands a trial by jury on all issues triable by jury.

DATED:  August 11, 2008 Respectfully submitted,

PROSKAUER ROSE LLP

By: _____/s/_____
    Kevin J. Perra (KP-3723)
    Andrew I. Gerber (AG-0779)

    1585 Broadway
    New York, NY  10036
    (212) 969-3454 (Telephone)
    (212) 969-2900 (Facsimile)
    kperra@proskauer.com
    agerber@proskauer.com

    *Attorneys for Defendants*
    *WILLIAMS-SONOMA, INC., d/b/a Pottery Barn and*
    *d/b/a West Elm, POTTERY BARN, INC. and*
    *WEST ELM, INC.*

Case 1:08-cv-05695-HB   Document 6-2   Filed 08/11/2008   Page 1 of 1

# Town&Country TRAVEL

DESTINATIONS — WHERE TO GO
INSPIRATIONS — WHAT TO DO
TRAVEL SMART — EXPERT ADVICE
RESOURCES — TOOLS TO USE

## TRAVEL SMART

Home > Travel Smart > Tips & Tactics

## Madeline Weinrib's Indian Inspiration: Favorite Finds in Jaipur

**Madeline Weinrib draws design inspiration from India. Here's what she discovered in the fabled Pink City.**

By Madeline Weinrib

E-MAIL THIS    PRINT    RSS    SHARE

**T&C Trips**
Contact Valerie Wilson Travel, our exclusive a[...]

**Papua New Guinea**
Balancing tourism with preservation





**Hot Pink**, a boutique in the Narain Niwas Palace hotel, offers items for the home as well as clothes, like this hand-stitches caftan. *011-91-141-510-8932.*
*PHOTO: Chris Bartlett*

