```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/09
```

APR 06 2009

LATHROP & GAGE LLP
Thomas H. Curtin (TC-5753)
Andrew J. Sanders (AS-9962)
230 Park Avenue, Suite 1847
New York, New York 10169
Tel: (212) 850-6220
Fax: (212) 850-6221
Attorneys for Plaintiff
Madeline Weinrib

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MADELINE WEINRIB,                           :   Case No. 08 CIV 5695 (HB)(FM)
                                            :
                    Plaintiff,              :
                                            :
        -against-                           :   STIPULATED PROTECTIVE ORDER
                                            :   REGARDING DISCLOSURE OF
WILLIAMS-SONOMA, INC.,                      :   CONFIDENTIAL, PROPRIETARY,
d/b/a Pottery Barn and d/b/a West Elm,      :   AND/OR TRADE SECRET
POTTERY BARN, INC., and                     :   MATERIALS AND INFORMATION
WEST ELM, INC.,                             :   IN LITIGATION
                                            :
                    Defendants.             :
-----------------------------------------------------------X

Plaintiff Madeline Weinrib and defendants Williams-Sonoma, Inc., Pottery Barn, Inc. and West Elm, Inc., by and through their respective attorneys of record herein, hereby stipulate as follows:

WHEREAS, the discovery process requires the parties to disclose certain confidential and proprietary information, and the parties wish to prevent the unauthorized disclosure thereof.

The parties, by and through their respective counsel, stipulate as follows:

1.      Definition of Confidential Information.

        (a)     "Confidential Information" as used herein shall mean all material in whatever form such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that is treated or considered by the party as confidential and proprietary information and which involves or relates to confidential business or personal information of a party (or of a third

person whose information the party is under a duty to maintain in confidence). By way of example, such Confidential Information defined herein may include, but shall not be limited to, trade secrets, technical, research or development material, commercial, financial, or accounting data, manufacturing sources or methods, existing or potential sales figures, customer, and personnel data, and any other information reasonably believed by the producing party to be non-public, proprietary or confidential or which, if available to a competitor of the producing party or a nonparty, could be used to a competitive advantage.

    (b)  No item shall qualify to be protected as Confidential Information if it is disclosed in media generally available to the public or business community by reason of dissemination by one having the unrestricted right to do so or is generally known throughout the public or business community.

    (c)  For the avoidance of doubt, the confidentiality obligations of this Order shall not apply to information that:

    (i)  is lawfully acquired by the Receiving Party (defined in Sub-paragraph 2(a) below), before disclosure hereunder, from a third-party with no obligation of confidentiality;

    (ii)  the Receiving Party is able to prove, by a preponderance of the evidence, that it was in lawful possession of the Confidential Information prior to disclosure of such information from the Disclosing Party (defined in Sub-paragraph 2(a) below);

    (iii)  at the time of disclosure hereunder, the Confidential Information was or subsequently becomes a public document or matter of public knowledge, through no fault of the Receiving Party or any party under an obligation of confidentiality;

    (iv)  is acquired by subpoena or order of any court, tribunal, governmental administrative or quasi-administrative agency, and was done so without any order of confidentiality or similar agreement; or

    (v)  is independently developed by the Receiving Party and entirely based on, comprised of, and otherwise using solely publicly available information.

2

2.  Designations.

(a)  All efforts by any party or witness in this matter to designate any material as "Confidential – Attorney's Eyes Only" or "Confidential" (as such classifications are defined in Paragraph 9 below) shall be governed by the terms of this Order and used solely in connection with the above-captioned matter. The party by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any material designated as "Confidential – Attorney's Eyes Only" or "Confidential", the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such material and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such material.

(b)  All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (e.g., documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential – Attorney's Eyes Only" or "Confidential" in accordance with the terms of this Order, prior to disclosure, by use of a reasonably conspicuous and prominent notice. Examples of such suitable designation would be the prominent display of a stamped legend on the first page of a subject document, or on a tag affixed to a tangible thing, that states, in form or in substance: "CONFIDENTIAL – ACCESS LIMITED BY PROTECTIVE ORDER" (the "Legend"). Designating a multi-page document with the Legend on the first page only shall be sufficient to make the entire document subject to that designation.

(c)  All documents, testimony, and things that are designated pursuant to this Order as confidential at any level shall be so designated at a time prior to disclosure as follows:

(i)  for documents and things produced, this means prior to delivery;

(ii)  for deposition, hearing or trial testimony, if the transcript contains any material for designation, prior to completion of the deposition, hearing or trial testimony, by requesting the reporter mark the caption page of the transcript "Confidential – Attorney's Eyes Only" or "Confidential". Notwithstanding the foregoing:

(A)  The Disclosing Party that requests a deposition, hearing or trial transcript be subject to this Order shall designate in writing to the Receiving Party the specific

3

portion(s) of the transcript or exhibit(s) (to the extent such have not been previously marked) which are "Confidential – Attorney's Eyes Only" or "Confidential" within thirty (30) days after the transcription of such deposition, hearing or trial is produced (the "Review Period"). After the Review Period, even if the transcript has been marked by the reporter, the right to make additional designations pursuant to this Order shall be waived (unless, an extension is confirmed in writing). Until expiration of the Review Period, and any extension thereof, deposition transcripts shall be treated as "Confidential – Attorney's Eyes Only." Waivers are subject to Paragraph 3 below.

(B). The Disclosing Party may exclude any person from a deposition, other than those to whom Confidential Information may be disclosed pursuant to Paragraph 9 of this Order. Failure of such person(s) to comply with the request hereunder shall constitute substantial justification for counsel to advise the witness to refrain from answering the question seeking to reveal Confidential Information; and

(iii) for documents and things marked as exhibits or offered into evidence at hearing or trial, designations under this Order shall be made contemporaneously with reference on the record to the document or thing or the offering of it into evidence, to the extent reasonably possible.

3. <u>Inadvertent Failure to Designate and Belated Designation of Confidential Information</u>. The inadvertent failure to designate Confidential Information as either "Confidential – Attorney's Eyes Only" or "Confidential" under this Order prior to or at the time of its production or disclosure shall not operate as a waiver of a Disclosing Party's right to designate such document, thing or testimony as "Confidential – Attorney's Eyes Only" or "Confidential". The Disclosing Party may belatedly designate any such document, thing, or testimony by writing to the Receiving Party. To the extent that material has been disclosed by the Receiving Party before such belated designation, this Order shall be without prejudice to the Receiving Party or any other person or entity not a party to this action who may have previously received the disclosure without notice of its confidentiality. Thereafter, the Receiving Party shall fully comply with this Order to the extent reasonably possible and shall retrieve the disclosure from all persons who have received the belatedly designated document, thing or testimony to the extent reasonably possible and notify all such persons that the material shall thereafter be treated as confidential.

4

4. <u>Declassification</u>. In the event that a party disagrees with or challenges the grounds or basis for the designation of any document, information or tangible thing as "Confidential – Attorney's Eyes Only' or "Confidential", such party shall nevertheless treat and protect the same in accordance with this Order until and unless all parties shall have agreed in writing to different treatment, or an order of this Court shall have been entered and becomes enforceable which provides, that such challenged Confidential Information may be used or disclosed in a manner different than that specified in this Order.

5. <u>Compelled Disclosure; Subpoena</u>. In the event the Receiving Party becomes legally compelled or otherwise legally obligated to disclose Confidential Information, or any portion thereof, (a) pursuant to subpoena or other court process, (b) at the express direction of any authorized government agency having jurisdiction, or (c) as otherwise required by law, the Receiving Party will promptly provide to the Disclosing Party notice thereof, including a copy of the subpoena, process and other documents requesting such Confidential Information, and shall cooperate reasonably with the Disclosing Party in seeking reliable assurance that confidential treatment will be accorded the Confidential Information through a protective order or other appropriate legal action. The Receiving Party shall not make disclosure until the Disclosing Party has had a reasonable opportunity to object or resist to such disclosure, if so desired, as may be permitted by law. If such protective order or other remedy is not obtained, the Receiving Party will furnish only that portion of the Confidential Information which it is required to produce.

6. <u>Copies</u>. Should any party, counsel for any party, or any person or entity not a party to this action, obtain access to any Confidential Information and make copies or duplicates of such Confidential Information, or any portion thereof, the designation also shall be stamped on or affixed to such copies or duplicates, and the references of this Order to Confidential Information shall be deemed to include and to apply to such copies or duplicates. Additionally, should any party, counsel for any party or any person or entity not a party to this action make extracts or summaries of such Confidential Information, such extracts or summaries shall be designated in accordance with this Order and shall constitute Confidential Information. This Order shall apply to all such extracts and/or summaries.

7.  Court Reporters. Each court reporter participating in any deposition or hearing shall be notified of this Order and shall adhere to its provisions.

8.  Submissions to the Court. Any documents, things, or testimony in whatever form, which are designated as "Confidential – Attorney's Eyes Only" or "Confidential" and filed in this matter, including, but not limited to, exhibits to any brief, memorandum, pleading, or deposition, shall be maintained under seal pursuant to this Order, in any appropriate procedures, or as otherwise ordered by the Court. In so doing, they shall be filed in a sealed envelope. The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

> "THIS ENVELOPE CONTAINS DOCUMENTS, THINGS OR TESTIMONY WHICH ARE CONFIDENTIAL AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT, ITS ADMINISTRATORS AND STAFF, UNLESS OTHERWISE ORDERED BY THE COURT OR OTHER COURT OF COMPETENT JURISDICTION."

9.  Levels of Confidentiality.

Any property designated as "Confidential – Attorney's Eyes Only" or "Confidential" shall be restricted in accordance with the following levels of confidentiality:

(a) CONFIDENTIAL - ATTORNEY'S EYES ONLY:

Property designated as "Confidential – Attorney's Eyes Only" shall be restricted to viewing or copying by, and disclosure to:

(1) Counsel of record for a party who are actively working on this matter (presently, Lathrop & Gage, LLP for Plaintiff and Townsend and Townsend and Crew LLP and Proskauer Rose LLP for Defendants);

(2) The office personnel employed by the outside counsel of record working under the direct supervision of said counsel;

6

(3)     In-house counsel for a party;

(4)     The Court and its staff;

(5)     Any deposition or trial witness in this action, during the course of his or her own testimony, provided that such witness prepared or received or participated in its preparation or has relevant knowledge concerning such document;

(6)     Any person which the document indicates on its face was the author, addressee, or so-called "cc" recipient thereof;

(7)     Experts and consultants necessarily retained by outside counsel of record in this litigation, provided that prior to such disclosure, such persons shall execute an undertaking in the form set forth in Paragraph 10 hereof; and

(8)     Such other person as hereafter may be designated by written stipulation of the parties or by further order of the Court.

(b)     CONFIDENTIAL:

Material designated as "Confidential" shall be restricted to viewing or copying by, and disclosure to all those persons mentioned in Sub-paragraph 9(a) above and

(1)     the parties to this action, officers, employees, agents, independent contractors, or assistants of a party to this action, only if access is reasonably necessary to the conduct of the litigation and provided that prior to such disclosure, such persons are made aware of this Order; and

(2)     Directors, trustees, regents, and officials of a party to this action.

(c)     The parties must ensure that each person identified in this Paragraph 9 receives a copy of this Order and understands the existence of this Order, its terms, and the consequences of an unauthorized disclosure. For those persons indicated above, the parties must also ensure that such persons sign the form of statement described in Paragraph 10 below.

10.     Form of Statement. Each person required by this Order to sign a statement agreeing to be bound shall sign a statement to be delivered to the Disclosing Party upon request that states the following:

7

"I have read the STIPULATION TO PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCLOSURES issued by the Court, in the matter of *Madeline Weinrib v. Williams-Sonoma, Inc., et al.*, U.S. District Court, Southern District of New York, Case No. 08 CIV 5695, regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order."

Name: _____

Address: _____

Telephone: _____

(a) <u>Continuing Effect of Order</u>. All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the Court or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

(b) <u>Modification or Termination</u>. Any party to this action may, at any time, request the modification or termination of this Protective Order as to any Confidential Information that such party wishes to use in a manner other than herein provided.

11. <u>Effectiveness Upon Execution By Counsel</u>. This agreement shall be deemed effective as between the parties upon execution by the undersigned stipulating counsel.

12. <u>No Admission</u>. This Agreement does not act as an admission by any Receiving Party that any property designated as "Confidential – Attorney's Eyes Only" or "Confidential" by any Disclosing Party is in fact Confidential Information, and each party reserves the right to challenge as improper, by motion or otherwise, the designation by the other party of such information as "Confidential – Attorney's Eyes Only" or "Confidential".

13. <u>Return of Confidential Materials</u>. At the conclusion of this matter whether by lapse of all rights of appeal after entry of final judgment or any award from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party or destroy all materials designated as "Confidential – Attorney's Eyes Only" or "Confidential", and shall thereafter continue to be bound, including those persons who have agreed to be bound by the terms of this Order,

8

to all the obligations hereunder with respect to the disclosure or dissemination of such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose, including archival, without the express written consent of the Disclosing Party. However, for archival purposes, outside counsel of record of the Receiving Party may retain copies of such confidential items, <u>provided</u> that the Receiving Party's files are maintained as confidential. Except to the extent limited in the preceding sentence, the Receiving Party shall ensure that to his/her/its best knowledge the originals and all other copies of Confidential Information have been returned to the Disclosing Party or destroyed. In furtherance thereof, this Order shall remain binding and in full force and effect, and may be enforced as such, after final disposition of this action, including all appeals and subsequent proceedings.

14. No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from this Court or another court of competent jurisdiction as may be appropriate to protect the party's interests or otherwise prepare this matter for trial.

15. <u>Miscellaneous</u>.

(a) Nothing in this Order shall be construed as requiring disclosure of privileged materials or materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Order is intended to provide a mechanism for restricting the dissemination of Confidential Information to which there is no objection to producing or disclosing other than as to its confidentiality.

(b) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(c) In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a Receiving Party in the contravention of this Order, the Disclosing Party shall take all steps reasonably required to assure its continued confidentiality and may seek additional remedies, at law and in equity, as the Disclosing Party deems appropriate.

//
//
//

Dated:            LATHROP & GAGE, LLP

By: _____
Thomas H. Curtin (TC-5753)
Andrew J. Sanders (AS-9962)

Attorneys for Plaintiff
Madeline Weinrib

Dated:            TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
Gregory S. Gilchrist (admitted *pro hac vice*)
Pami P. Vyas (admitted *pro hac vice*)

and

PROSKAUER ROSE LLP

By: _____
Kevin J. Perra (KP-3723)
Joshua W. Ruthizer (JR-5742)

Attorneys for Defendants
Williams-Sonoma, Inc.,
d/b/a Pottery Barn and d/b/a West Elm,
Pottery Barn, Inc, and
West Elm, Inc.

## ORDER

Pursuant to the foregoing stipulation of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

Dated: 4/8/09

_____
UNITED STATES DISTRICT COURT JUDGE

NYDOCS 63938v2

10
Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED: _____

Hon. Harold Baer, Jr., U.S.D.J.

Date: 4/8/09